UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

THE STATE OF MISSISSIPPI, EX REL.                                    PLAINTIFF
LYNN FITCH, ATTORNEY GENERAL

V.                                          CIVIL ACTION NO. 3:21-CV-674-KHJ-MTP

ELI LILLY AND COMPANY, et al.,                                    DEFENDANTS

ORDER

Before the Court is Plaintiff, The State of Mississippi, ex rel. Lynn Fitch, its Attorney General, ("the State")'s Motion for Remand-Related Discovery [72]. For the following reasons, the Court denies the motion.

I.    Facts and Procedural History

This case is about insulin drug prices. The State originally sued in Hinds County Chancery Court, alleging that the "Manufacturer Defendants"[1] conspired with the "Pharmacy Benefit Manager Defendants" (also called, "PBM Defendants")[2] to artificially inflate the price of insulin drugs. *See* Second Amend. Compl. ¶ ¶ 5–16. The State has brought many claims against the Defendants, including for violating the Mississippi Consumer Protection Act, common-law conspiracy, and unjust enrichment. Third Amend. Compl. [71] ¶¶ 1, 518–551.

---

[1] Eli Lilly and Company, Novo Nordisk Inc., and Sanofi-Aventis U.S. L.L.C., collectively.
[2] CVS Health Corporation, CVS Pharmacy, Inc., Caremark Rx, L.L.C., Caremark, L.L.C., CaremarkPCS Health, L.L.C., Evernorth Health, Inc., Express Scripts, Inc., Express Scripts Administrators, L.L.C., ESI Mail Pharmacy Services, Inc., Express Scripts Pharmacy, Inc., UnitedHealth Group, Inc., Optum Inc., and OptumRx, Inc., collectively.

Defendants Express Scripts Pharmacy, Inc., ESI Mail Pharmacy Services, Inc., and Express Scripts, Inc. ("Express Scripts Defendants") removed this case on October 21, 2021, based on the Court's jurisdiction under the Federal Officer Removal Act, 28 U.S.C. § 1442(a), and § 1446. Not. of Removal [1] at 1. The Express Scripts Defendants contend that they may remove under § 1442(a) because Express Scripts, Inc. is a significant contractor with the United States Department of Defense's TRICARE healthcare program, aimed to provide healthcare benefits to "active-duty service members, their families, and veteran retirees." *Id.* at 2. According to the Express Scripts Defendants, Mississippi veterans depend on TRICARE for their prescription drugs, including insulin. *Id.* Under the TRICARE contract, "Express Scripts is directed to charge TRICARE beneficiaries only such copayments as are direct by the [Department of Defense], and to dispense medications purchased by the [Department of Defense] at rates negotiated directly between the federal government and drug manufacturers." *Id.*

Defendant Caremark PCS Health, L.L.C. ("Caremark") supplemented the notice of removal six days later, citing its own grounds for removal under § 1442(a). [8]. Caremark contends that it contracts with plans governed by the Federal Employees Health Benefits Act ("FEHBA"), the terms of which are dictated by United States' Office of Personnel Management, and therefore qualifies it for removal under § 1442. *Id.* at 2.

Defendants filed three motions to dismiss on December 10, 2021. *See* [41], [42], [44]. After two motions for extensions of time to respond to the motions to dismiss,

the State moved for leave to file a Third Amended Complaint on January 25, 2022. [65]. The Third Amended Complaint was filed in this Court on February 17, 2022. [71].

The same day, (after nearly four months since removal, three motions to dismiss, a third-amended complaint, and without an accompanying motion to remand), the State moved for remand-related discovery. [72]. Defendants oppose the motion, Resp. in Opp. [78], and have filed pending motions to dismiss the Third Amended Complaint. *See* Motions to Dismiss [83], [85], [87], and [89]. The Court addresses only the motion for remand-related discovery.

II.   Analysis

To invoke federal officer jurisdiction under 1442(a),

> a defendant must show (1) it has asserted a colorable federal defense, (2) it is a "person" within the meaning of the statute, (3) that has acted pursuant to a federal officer's directions, and (4) the charged conduct is connected or associated with an act pursuant to a federal officer's directions.

*Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 296 (5th Cir. 2020) (en banc). "[A] defendant seeking to remove a case to a federal court must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating, Co., LLC v. Owens*, 574 U.S. 81, 87 (2014) (quoting 28 U.S.C. § 1446(a)). "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure." *Id.* Without ruling on the merits of the removal, the Court finds that both Express Scripts

Defendants and Caremark have complied with this pleading-standard requirement. *See* [1], [8].

The Fifth Circuit has held that remand-related discovery "should not be allowed except on a tight judicial tether, sharply tailored to the question at hand, and only after a showing of its necessity." *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004). "[M]otions for remand-related discovery should rarely be granted." *Johnson v. J.P. Morgan Chase & Co.*, 2:04-CV-216-P-A, 2004 WL 2370621, at *1 (N.D. Miss Oct. 7, 2004) (citing *Smallwood*, 385 F.3d at 574).

Here, the State moves the Court to approve four document requests and 12 interrogatory responses for Express Scripts Defendants. [73] at 11–13. And the State moves the Court to approve five document requests and ten interrogatories for Caremark. *Id.* at 13–14. Some of these broad requests include:

- "[A]ny subcontract and intracompany agreements between [Express Scripts Defendants] for services related to the [Department of Defense] Contract or any services provided to TRICARE beneficiaries."

- "[A]ll documents and communications between Express Scripts, Inc. and any Manufacturer Defendant related to the purchase, sale, reimbursement, or distribution of the at-issue drugs through [TRICARE] in or related to Mississippi or its residents on or after May 1, 2014."

- Identification of "all at-issue drugs . . . reimbursed or dispensed under the Contracts in Mississippi or to Mississippi residents" under FEHBA-governed plans.

- Description of "CaremarkPCS's role in fulfilling its duties under any FEHBA Contracts."

*See id.* at 12–14.

The Court finds that the State's discovery requests are not "sharply tailored." *Smallwood*, 385 F.3d at 574; *see also Hinds Cnty. Miss. Bd. of Sup'rs v. Motorola, Inc.*, No. 3:09-cv-144-WHB-LRA, 2010 WL 445527, at*3 (S.D. Miss. 2010) (finding various requests for remand-related discovery overly broad and thus not sharply tailored). After nearly four months since removal, three motions to dismiss, and a third-amended complaint, there is still no pending motion to remand. And because there is no pending motion to remand, the State fails to establish a showing of necessity. *See id.* The Court therefore denies the motion.

III.   Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the reasons stated, DENIES the State's Motion for Remand-Related Discovery [72].

SO ORDERED AND ADJUDGED this the 6th day of July, 2022.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE